[Sac. No. 2129. Department One.—June 11, 1915.]

JOHN BRILES and IRENE BRILES, Respondents, v. A. J. PAULSON, Appellant.

OPTION TO PURCHASE—PERFORMANCE OF CONDITIONS—TERMINATION IN CASE OF NONPERFORMANCE.—An option to purchase a tract of land within a specified time upon condition that the optionee comply with certain conditions, among them being the construction of a reservoir dam, and providing that the option shall terminate if any of the conditions are not complied with, is terminated by failure of the optionee to construct the same as provided in the option.

ID.—POSSESSION GIVEN UNDER SUCH OPTION DOES NOT PREVENT FORFEITURE.—The right to terminate such an option for nonperformance of conditions is not modified by the fact that the option gives possession to the optionee and provides for the payment of rent during such possession, because the right of possession is an incident to the right to purchase which is the essential feature of the option, and there was no intention to create a tenancy independent of the right to purchase.

APPEAL from a judgment of the Superior Court of Modoc County. Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

Cornish & Robnett, for Appellant.

W. Lair Thompson, and Jamison & Wylie, for Respondents.

SLOSS, J.—Appeal by defendant from a judgment in favor of the plaintiffs. The case presents a situation very similar to that recently considered by this court in *Briles* v. *Paulson, ante,* p. 196, [149 Pac. 169]. Thomas Briles had there sued for the annulment of a contract whereby the defendant's predecessor was given an option to purchase certain lands. One

of the provisions of the contract was that the holder of the option should, within a given time, do certain work upon a reservoir dam. The contract provided that if the proposed purchaser should fail to carry out any of the stipulations on his part the owner might declare the agreement terminated. The action sought a judgment declaring such termination by reason of the alleged failure of the defendant to do the required work on the dam. The judgment forfeiting the defendant's rights under the option was affirmed, the court deciding that the evidence supported the findings that the work on the dam had not been done within the prescribed time and holding, further, that such failure warranted the judgment declaring the agreement terminated.

The same points are involved in the present action and they, without regard to other grounds upon which the plaintiff herein sought relief, are sufficient for an affirmance of the judgment.

The contract which forms the basis of this suit was made on December 5, 1910, between John Briles and Irene Briles, his wife, as parties of the first part, and J. J. Payseur, as party of the second part. Paulson, the defendant and appellant, is the assignee and successor of Payseur. By the contract, the parties of the first part granted to the party of the second part "the option of purchasing for the sum of eighty thousand (80,000) dollars . . . at any time from the date of this agreement up to and until the thirty-first (31st) day of December, 1915, subject to the conditions herein contained" certain real estate situated in Modoc County. Provisions for the making of surveys and subdivisions and for the sale of subdivisions separately were made in terms similar to those contained in the contract between Thomas Briles and Payseur, involved in the former decision to which we have referred. The contract now before us refers to the dam on the land of Thomas Briles and contains, with respect to that dam, the same stipulations found in the Thomas Briles contract. The subsequent modification of that stipulation mentioned in the former opinion covered the contract here involved as well as the contract between Thomas Briles and Payseur. The present contract also provides for the right of the parties of the first part to terminate the agreement and take possession of the property on the failure of the party of the second part to "carry out

and perform each and every agreement herein contained, to be performed by him.''

In all the particulars to which we have adverted, the contract upon which this action is based is virtually the same as the Thomas Briles contract. The present contract contains, in addition, a provision that the defendant shall receive possession of the lands on March 1, 1911, and shall continue in possession ''while this agreement remains in force,'' farming the lands and taking all products therefrom, paying as rental for the use of said property ''while he remains thereon and in possession thereof under this agreement,'' an annual rental of seventeen hundred (1700) dollars. There is also a provision against the commission of waste by the party of the second part.

This action, like the one instituted by Thomas Briles, was brought to obtain a decree declaring the rights of the defendant under the agreement to be terminated for failure to perform the conditions undertaken to be performed by him. The plaintiffs also asked for the recovery of the possession of the premises. Judgment went in their favor as prayed.

The plaintiffs in their complaint counted upon three violations of the agreement by the defendant, to wit: the failure to pay the stipulated rent; the commission of waste, and failure to do the required work upon the dam within the time allowed by the agreement as modified. The court found in favor of the plaintiff upon all three grounds.

It is unnecessary to consider the questions of waste and nonpayment of rent. The evidence fully sustains the finding that the work agreed to be done upon the dam was not done within the stipulated time. On this issue the evidence was substantially the same as that presented in the Thomas Briles case and it is, therefore, held here, as it was there, that there was a substantial conflict and that the findings of the court below must be upheld. That the effect of such failure to perform the agreement relative to the dam authorized a termination of the contract is also settled by the decision in the former case. The agreement was plainly an option under which the defendant had a right to purchase upon compliance with certain conditions. Failing to comply with those conditions his rights ended. It is argued that the agreement in this case is to be distinguished from the one considered in the other case because the present agreement gave the defendant a right to

possession, subject to the payment of rent. The contention is that the present agreement is, therefore, not only an option but also a lease. This argument implies that the defendant's rights as a defaulting tenant would be greater than his rights under an option to purchase. But, assuming the legal correctness of this position, it is quite clear, from a reading of the agreement as a whole, that its principal object is to grant to the defendant the right to purchase the lands. The right of possession is subordinate and incident to the right to purchase. The party of the second part is to have possession of the land only "while this agreement remains in force" and he is to pay rental while he remains in possession "under the agreement." Plainly it was not intended to create a tenancy which should exist independently of the right of the defendant to purchase under the option. When the right to purchase the land was gone, the right of occupancy went with it. This is the more apparent upon a consideration of the clause authorizing the plaintiffs to terminate the agreement upon any breach by the defendant. Under this clause the plaintiffs are expressly authorized, upon terminating the agreement, to enter upon and take possession of the lands.

The case is, therefore, in all material respects like that of *Thomas Briles* v. *Paulson,* and must be decided in the same way. The judgment is affirmed.

Shaw, J., and Angellotti, C. J., concurred.